IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELVIN FRIERSON,

                    Plaintiff,

                                        CIVIL ACTION
          vs.                           No. 11-3044-SAC

RAY ROBERTS, et al.,

                    Defendants.


<u>ORDER</u>

Plaintiff, an inmate confined in Norton Correctional Facility (NCF) in Norton, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir.1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).  *Twombly* "expounded the pleading standard for all civil actions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1953 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names the following defendants in their individual and official capacity:  Ray Roberts (as Secretary of the Kansas Department of Corrections), Jay Shelton (as the NCF Warden), Sharon Petrie (as an NCF Unit Team Manager), Jaye Hackbarth (as an NCF Unit Team Counselor), F. Maulding (as an NCF Correctional Officer), and J. Johnson (as an NCF Correctional Officer).  He seeks damages and preliminary injunctive relief on the following allegations and claims.

Plaintiff alleges defendant Johnson committed sexual battery on plaintiff by conducting improper pat searches on October 2 and 23, 2010, that involved Johnson cuffing plaintiff's penis with Johnson's open palm.

Plaintiff states he filed an inmate grievance claiming sexual misconduct by Johnson, and claims Petrie breached a confidentiality clause in the prison grievance procedure by discussing plaintiff's grievance and two similar grievances submitted by two other prisoners in a group setting with the two other prisoners. Plaintiff further claims he was excluded from the internal investigation of Johnson's sexual misconduct, and claims Petrie serving on that investigation team was a conflict of interest.

Plaintiff also states he also filed an inmate grievance against Petrie alleging breach of confidentiality and discrimination, and claims Hackbarth's processing of that grievance was a conflict of interest because Petrie is Hackbarth's supervisor.

On these allegations, plaintiff claims Johnson's improper searches violated plaintiff's rights under the Fourteenth Amendment to equal protection and to not be subjected to cruel and unusual punishment.

Plaintiff next claims Maulding and Petrie were deliberately indifferent to plaintiff's rights to participate in the facility's internal investigation of inmate claims regarding Johnson's conduct, and contends Maulding and Petrie discriminated against plaintiff on the basis of his race and thereby denied plaintiff his rights to equal protection and due process.

Plaintiff claims Hackbarth's deliberate indifference to the grievance chain of command protocol procedure was a conflict of interest which denied plaintiff due process and equal protection, and violated plaintiff's First Amendment right to petition the government.

Plaintiff also contends Roberts and Shelton violated

3

plaintiff's right to due process and equal protection because they were legally responsible for operating NCF and protecting all NCF inmates.

Plaintiff seeks compensatory and punitive damages, and asks the court to: (1) stop Johnson from conducting any unreasonable pat searches of plaintiff, and from physically or verbally harassing plaintiff; (2) to restrain Johnson, Maulding, Hackbarth, and Petrie from singling out plaintiff for punishment, harassment, or retaliation; and (3) require proper processing of his grievance against Petrie.

*Injunctive Relief*

To the extent plaintiff seeks preliminary injunctive relief this request is denied. A preliminary injunction is an extraordinary equitable remedy which seeks to "preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A party seeking injunctive relief must show a substantial likelihood that it will prevail on the merits, that absent the injunction it was suffer an irreparable injury, the threatened injury outweighs the cost to its opponent, and the injunction is not against the public interest. *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir.2009); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir.2001). The right to relief must be clear and unequivocal. *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir.2005).

Having carefully reviewed the request in light of the deficiencies identified herein below, the court finds plaintiff has not demonstrated a substantial likelihood of prevailing on the merits of his claims, or any likelihood of irreparable harm in the

absence of the injunctive relief sought.  The court thus finds no basis for granting preliminary injunctive relief in this matter.

*Official Capacity Claims*

To the extent plaintiff seeks damages from defendants in their official capacity, his claims are barred by the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  *See also Beck v. Kansas Adult Authority,* 241 Kan. 13, 21 (1987)("The State of Kansas has not waived its sovereign immunity from suits seeking monetary damages under 42 U.S.C. § 1983.").  Also, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

To the extent plaintiff seeks permanent prospective injunctive relief from defendants in their official capacity, no such relief can be granted absent plaintiff's amendment of the complaint to cure the deficiencies identified by the court below such that a viable basis for obtaining relief under 42 U.S.C. § 1983 is presented.

*Allegations of Sexual Battery*

Plaintiff's allegations regarding Johnson's alleged improper pat-down search on two occasions three weeks apart are insufficient to plausibly find that plaintiff was subjected to cruel and unusual punishment.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Courts have found minor isolated instances of sexual touching by a guard during an inmate search are insufficient to be

constitutionally significant. *See e.g.*, *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir.1998)(no sexual assault required for Eighth Amendment violation where guard briefly touched prisoner's buttocks twice with sexual comment or banter, and prisoner thought guard was trying to embarrass rather than rape him). *Compare Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir.1997)("Severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation."). Because plaintiff's allegations present no plausible basis for finding "severe or repetitive" sexual abuse in the present case, no tenable Eighth Amendment claim is stated. The alleged misconduct, instead, presents at most if at all a state tort to be pursued in the state courts where, as in this case, the court finds no actionable federal claim for purposes of exercising its supplemental jurisdiction to consider such a state law claim.[1] *See Redd v. Harvey*, 2010 WL 3434212, *2 (W.D.La.2010)(prisoner's allegations of sexual harassment by female officer amounted to state intentional tort rather than Eighth Amendment claim, citing cases for comparison).

*Grievance Procedure and Internal Investigation*

The court also finds no support in the complaint for plaintiff's equal protection claim. Plaintiff complains he was the

_____

[1]Pursuant to 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over remaining state-law claims. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)(*citing* 28 U.S.C. § 1367(c)(3) and *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir.1995)).

only prisoner not interviewed in the internal investigation of three prisoner misconduct claims filed against Johnson, and contends this constituted racial discrimination because he was the only African American prisoner in that group of three prisoners.

The Equal Protection Clause of the Fourteenth Amendment prohibits the government from treating similarly situated individuals differently. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). A claim of discrimination based on a suspect classification, such as plaintiff alleges in the present case, is subject to strict scrutiny. *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109 (10th Cir.2008). Thus to state an actionable claim, plaintiff must be able to show that he was singled out for different treatment than others who were similarly situated, and that defendants acted intentionally with discriminatory intent as a motivating factor. *See Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1168 (10th Cir.2003). "Something more than speculation and conjecture is necessary for proof." *United States v. Manuel*, 992 F.2d 272, 276 (10th Cir.1993).

Plaintiff's claim of racial discrimination is conclusory at best. Plaintiff has no fundamental right to be interviewed in the prison's internal investigation of his inmate grievance, and his bare allegation that he was treated differently than two other prisoners who filed similar grievances against a particular officer is insufficient to establish that plaintiff was similarly situated to the other two prisoners in all relevant respects for purposes of prison staff deciding whether to investigate the specific incidents alleged in each of the grievances. *See Templeman v. Gunter*, 16 F.2d 367, 371 (10th Cir.1994)(prisoner's claim "that there are no

relevant differences between him and other inmates that reasonably might account for their different treatment is not plausible or arguable"). Plaintiff also alleges no intentional discrimination by any defendant based on plaintiff's race, or that any defendant's actions were motived by a discriminatory purpose. According, his claim of being denied equal protection in the internal investigation of his inmate grievance presents is subject to being summarily dismissed.

Nor do plaintiff's allegations present a viable claim of being denied due process by any defendant. To state an actionable due process claim, plaintiff must first establish there is a liberty or property interest protected by the Due Process Clause. *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir.2006). No protected liberty interest is evident on the face of plaintiff's allegations. Plaintiff has no federal constitutional right to participate in a prison investigation of his grievance, or to prison staff compliance with a grievance procedure if one is provided. *See e.g. Walters v. Corrections Corp. of America*, 119 Fed.Appx. 190, 191 (10th Cir.2004)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."), *cert. denied*, 546 U.S. 865 (2005); *Sims v. Miller*, 5 Fed.Appx. 825, 828 (10th Cir.2001)("[I]nsofar as plaintiff contended that CDOC officials failed to comply with the prison grievance procedures, he failed to allege the violation of a federal constitutional right."); *Walker v. Mich. Dept. of Corrections*, 128 Fed.Appx. 441, 445 (6th Cir.2005)(collecting

cases).

*Supervisor Liability*

The court further finds plaintiff's claims against Warden Shelton and Secretary Roberts are subject to being summarily dismissed because plaintiff fails to identify any personal participation by these defendants in the alleged violation of his constitutional rights, and plaintiff may not rest on the doctrine of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362 (1976). "To establish a violation of § 1983 by a supervisor, as with everyone else ... the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." *Porro v. Barnes*, 624 F.3d 1322, 1327-28 (10th Cir.2010)(internal quotation marks and citation omitted). Plaintiff alleges no factual basis for finding these defendants, identified only as being responsible for operation of NCF, ever "promulgated, created, implemented or possessed responsibility for the continued operation of a policy that ... caused the complained of constitutional harm, and acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir.2010)(stating requirements for § 1983 claim against a defendant supervisor).

### Notice and Show Cause Order to Plaintiff

Finding no plausible basis is presented for plaintiff to proceed under § 1983 against any defendant, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and

without further prior notice to plaintiff.[2]

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's request in the complaint for preliminary injunctive relief is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of August 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]Plaintiff's motion for appointment of counsel is denied without prejudice.  Plaintiff has no right to the assistance of counsel in this civil action.  *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989).  Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  *See Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(factors to be considered in deciding motion for appointment of counsel).